WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Anthony Lonigro,<br><br>    Plaintiff,<br><br>vs.<br><br>United Parcel Service Corporation,<br><br>    Defendant. | No. CV-17-01659-PHX-SPL<br><br>**ORDER** |

  On May 30, 2017, pro se Plaintiff Michael Anthony Lonigro filed a complaint against his former employer Defendant United Parcel Service Corporation ("UPS"), claiming violations of federal labor and employment laws. (Doc. 1.) UPS has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 12.) Having considered the parties' filings and viewed the allegations in the light most favorable to Lonigro, for the reasons that follow, the Court finds that the complaint fails to state a claim that is plausible on its face, and will dismiss this action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Moss v. United States Secret Service*, 675 F.3d 1213, 1228 (9th Cir. 2012); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

  In the complaint, Lonigro alleges that he was granted permission to return to work for UPS on May 20, 2015, after taking non-paid medical leave.[1] He alleges that on May

---

[1]  UPS alleges that Lonigro had not worked for UPS since 2010, which Lonigro does not respond to or otherwise appears to dispute. (*See* e.g., Docs. 12, 18.)

21, 2015 however, his manager "changed his mind," and terminated him without just cause. Lonigro claims that as a result of his wrongful termination, he will be unable to receive all of his pension benefits, and asks that he be awarded his full 30 year pension. (Docs. 1, 24.)[2]

First, Lonigro cites to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA") as the basis for his claims. (Docs. 1, 17.) Section 301 extends to "suits for violation of contracts between an employer and a labor organization... or between any such labor organizations." 29 U.S.C. § 185(a). Although Lonigro outlines in his response various types of claims that can be brought under § 301 (*see* Doc. 17 at 1), he does not in fact allege any of those claims. For example, he does not claim that UPS breached a collective bargaining agreement, nor does he allege that his union breached its duty of fair representation. *See DelCostello v. In''l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983); *Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 913–14 (9th Cir. 2006). Further, as argued by UPS, were Lonigro to allege a fair representation claim against the union, it would be untimely. *See Galindo v. Stoody Co.*, 793 F.2d 1502, 1508-09 (9th Cir. 1986). Therefore, he has failed to state a plausible, cognizable claim under the LMRA.

Second, Lonigro cites to the Family and Medical Leave Act, 29 U.S.C. § 2614 ("FMLA") as the basis for his claims. (*See* Doc. 17 at 1.) Under the FMLA, a covered employee has two interrelated rights: the right to use up to twelve weeks of leave per year for protected reasons, 29 U.S.C. § 2612(a)(1), and the right to return to the same job or an equivalent job after using protected leave, 29 U.S.C. § 2614(a). *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 34 (2012); *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1122 (9th Cir. 2001). Lonigro fails to allege sufficient facts to state a

---

[2] Lonigro has filed a document entitled "Pleading Amendment" in which he appears to offer additional allegations in support of his claims. (Doc. 24.) While as a general matter an amended pleading supersedes the original, rather than supplements it, as a matter of discretion and judicial economy, the Court has considered the allegations in both filings. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) ("an amended complaint supersedes the original complaint and renders it without legal effect").

plausible claim that UPS interfered with his rights under § 2614.[3] *See Bachelder*, 259 F.3d at 1124 (a plaintiff alleging she was subject to an adverse employment action for taking leave brings a claim for FMLA-interference). Lonigro does not allege that prior to being terminated he requested or took leave that was protected under the FMLA, nor does he advance any allegations or arguments to suggest that the topic of FMLA protected leave played a factor in UPS's decision to terminate him. *See Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1133 (9th Cir. 2003). Therefore, Lonigro fails to state a plausible claim for relief under the FMLA.

Lastly, Lonigro characterizes his pleading as an "employment discrimination complaint." (Doc. 1 at 2.) To pursue a civil action for discrimination under Title VII, the ADA, or the ADEA, a plaintiff must first file a timely charge with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e–5; 42 U.S.C. §§ 12203, 12117; 29 U.S.C. § 626(d); *Surrell v. Cal. Water Svc. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008); *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1038 (9th Cir. 2006); *Leong v. Potter*, 347 F.3d 1117 (9th Cir. 2003) ("substantial compliance with the exhaustion requirement is a jurisdictional pre-requisite"); *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002); *Albano v. Schering-Plough Corp.*, 912 F.2d 384, 386 (9th Cir. 1990). Here, Lonigro specifically states in his complaint that he has not filed a charge with the EEOC and has not received a notice of right to sue. (Doc. 1 at 4.) Therefore, he has failed to sufficiently state a plausible claim of employment discrimination that would entitle him to relief.

The Court finds that Lonigro has failed to state a claim for relief, and the

---

[3] The FMLA and its implementing regulations set out three categories of claims to protect these rights: (1) under 29 U.S.C. § 2615(a)(1), interference or entitlement claims asserting that an employer has denied, interfered with or restrained the exercise or the attempt to exercise any right protected by the FMLA; (2) under 29 U.S.C. § 2615(a)(2), discrimination or retaliation claims asserting that an employer has taken adverse action against an employee for opposing a practice made unlawful under the FMLA; and (3) under 29 U.S.C. § 2615(b), discrimination or retaliation claims asserting that an employer has taken adverse action against an employee for instituting or participating in FMLA proceedings or inquiries. 29 U.S.C. § 2617(a); 29 C.F.R. § 825.220; *see also Sanders v. City of Newport*, 657 F.3d 772, 777 (9th Cir. 2011).

deficiencies in the complaint cannot be cured by the addition of known or discoverable facts that are consistent with the present allegations. It therefore concludes that further development of the record is not warranted and will dismiss the amended complaint without leave to amend. *See U.S. v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011); *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly,

**IT IS ORDERED**:

1. That the Motion to Dismiss (Doc. 12) is **granted**;

2. That the complaint and this case are **dismissed**;

3. That the Motion for Settlement (Doc. 23) is **denied as moot**; and

4. That the Clerk of Court shall **terminate** this action and enter judgment accordingly.

Dated this 19th day of March, 2018.

Honorable Steven P. Logan
United States District Judge